## TROW DIRECTORY, PRINTING & BOOKBINDING CO. v. BOYD.

(Circuit Court, S. D. New York. October 4, 1899.)

**COPYRIGHT—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**

    In a suit for infringement of a copyrighted directory by copying therefrom lists of names used by defendant in a rival publication, where the moving affidavits for a preliminary injunction make a strong showing of infringement, and defendant fails to furnish the testimony of the canvassers whose work is attacked, or the lists returned by them, he will be required to give security to respond for any damages which may ultimately be recovered against him; otherwise, an injunction will be awarded.

This is a suit in equity for infringement of a copyrighted directory. On motion for preliminary injunction.

Wm. F. Opdyke, for the motion.

Samuel D. Levy, opposed.

LACOMBE, Circuit Judge. The moving papers make out a very strong prima facie case of infringement, and called for the fullest and most detailed reply from the defendant. The explanations, however, contained in the affidavits submitted in his behalf, are not entirely satisfactory. It seems undesirable to discuss at length the various charges of infringement as they are presented now upon the affidavits of both sides. Precisely these questions will have to be disposed of at final hearing, when the record may be changed in many particulars; and the expression of an opinion at this early stage might possibly tend to embarrass the court at final hearing. Suffice it to say that the impression produced by a careful consideration and analysis of all the affidavits is that several of the canvassers employed by the defendant disobeyed the instructions given to them, and made up their returns largely from the complainant's publication, instead of from their own investigations. Of course, for their acts the defendant is responsible, whatever instructions he may have given. This impression is most strongly confirmed by the circumstance that in almost every instance of infringement charged by the complainant there has been a failure to produce either the individual canvasser whose work is thus attacked, or his original return to his employer, or even the statement of his name. It is suggested that to a greater or less extent the original documents are lost or destroyed. When it is borne in mind that the defendant has had large experience in the production of directories, and it is further borne in mind that he must have anticipated competition with complainant's work, and a suit of this very character, should the complainant find anything to base it on, it is most extraordinary that he should not have preserved records sufficient to enable him to determine, as to any particular list of names, the identity of the canvasser or canvassers who reported them. Under the principles enunciated in West Pub. Co. v. Lawyers' Co-operative Pub. Co., 25 C. C. A. 648, 79 Fed. 756, the work of the dishonest employés, when identified, could be eliminated from the work, and thus an honest defendant would not be exposed to the loss of his entire work. Nevertheless, an injunction to the full extent prayed for by the complainant would, if issued now, be practically a judgment in advance of trial, which would work irreparable injury to the defendant, while it seems as if the complainant might be sufficiently protected by a bond and an account of sales. The complainant may therefore take an order directing the defendant within 10 days to file a bond in the amount of $10,000 to respond for any damages or profits to which complainant may be ultimately held entitled, and further requiring the defendant to file, not later than the 10th day of each month, a sworn statement of the sales of the alleged infringing directory for the prior calendar month, giving the name and address of each purchaser; and further providing that, in the event of failure to file such bond, or to file the required statement of sales, a preliminary injunction as prayed for may issue.